# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDDY POPA-VERDECIA,

    Plaintiff,

v.                                    CASE NO. 8:18-cv-1869-T-02AEP

MARCO TRUCKING, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND PROPOSED BILL OF COSTS

The Court has before it Defendant's Motion for Attorney's Fees (Dkt. 31), Plaintiff's Response (Dkt. 39), and Defendant's Reply and supporting affidavit. Dkts. 42, 43. Attorney Jason Kobal was notified that the fees motion sought attorney's fees against him. Dkts. 35, 36. Mr. Kobal has filed no response. The Court also has before it the proposed Bill of Costs filed by Defendant. Dkt. 32. The Court awards attorney's fees to the Defendant against Eddy Popa-Verdecia in the amount of $20,022. The Court taxes costs of $155.90 against Eddy Popa-Verdecia.

## The Fees Motion

In this case the Plaintiff clearly released this claim prior to filing this suit. The fees motion is colored by the unfortunate facts of this case, which suggest that affidavits or notarial jurats to avoid the release were misleading or, at best, reckless. *See* Dkt. 29.

Defendant is the prevailing party in this Americans with Disabilities Act ("ADA") suit. The case must equate to a level of frivolity before Plaintiff may be assessed fees as a non-prevailing party. *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949 (11th Cir. 1999).

Here, the release was very clear in discharging the Defendant on this cause of action, but Plaintiff sued anyway. Plaintiff swore to a worker's compensation judge that the release was well understood and valid (and got money from Defendant). Then he swore to the opposite here, never offering to return the money. *See* Dkt. 29. When this conduct was discussed, quite frankly, at the November 14, 2018 hearing, the Court permitted Plaintiff to withdraw his case without further Court activity. *See* Dkts. 25, 28. Plaintiff declined this suggestion. The Court then entered summary judgment for Defendant. Dkt. 29.

The Court finds the case to be baseless, without foundation, and frivolous. Fees are appropriate to Defendant, an entirely innocent party under the ADA. 42 U.S.C. § 12205.[1]

The movants have not provided the Court with a case showing that fees under 28 U.S.C. § 1927 are available against a lawyer who was never counsel of record in the present proceeding. Accordingly, the fees motion against Mr. Kobal is denied.

Plaintiff's opposition did not contest the rate of $350 per hour sought by Defendant, but Plaintiff did contest the total fees sought: $26,697.50. Dkt. 39 at 6. The Court agrees the rate is reasonable. The expert affidavit filed by Defendant opines only as to rate (Dkt. 43), something not contested. The affidavit omits any discussion of hours billed.[2]

For the work done on this short-lived case, the Court agrees that $26,697.50 is not reasonable. Although Defendant's attorneys were operating in good faith, the Court believes that three attorney timekeepers plus a paralegal working on a

---

[1] "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."

[2] In its motion the Defendant stated an affidavit would be filed as to "reasonableness of the amount" of fees. Dkt. 31 at 7. The affidavit, however, did not discuss or opine as to reasonableness of amount sought.

case of this size is not efficient. Accordingly, the Court reduces the amount sought by 25% to $20,022. The Court is an expert in these matters and may consider its own knowledge and experience in making a determination as to the reasonableness of the fee award. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988). The Court has reviewed the time sheets closely. Although Defendant requests an evidentiary hearing to establish the need for these hours billed (76.9 – four timekeepers) Defendant's expert affidavit could have touched on that subject, but did not. Three lawyers each doing substantive work on a case that was resolved with one hearing, prior to an answer being filed and with no discovery, is non-compensable at the amount sought.

It is therefore **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Attorney's Fees (Dkt. 31) is granted as to Plaintiff Eddy Popa-Verdecia and denied as to attorney Jason Kobal. Attorney's fees are awarded in favor of Defendant in the amount of $20,022.

2) The Clerk is directed to enter judgment against Plaintiff, Eddy Popa-Verdecia, for attorney's fees in the amount of $20,022.

3) The Courtroom Deputy Clerk is directed to enter a Bill of Costs Judgment against Plaintiff, Eddy Popa-Verdecia, in the amount of $155.90.

4) The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 11, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record